UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                CASE NO.  8:19-mj-02237-TGW

DANIEL MCMAHON

_____/


## DEFENDANT'S MOTION FOR PRETRIAL RELEASE

The Defendant, Daniel McMahon, through his undersigned counsel, hereby petitions this Court pursuant to 18 U.S.C. § 3142 to enter an Order granting pre-trial release in this matter. In support of such relief, the Defendant would allege as follows:

1.      On September 11, 2019 the Defendant was charged in the Western District of Virginia, Charlottesville Division in a superseding indictment with Interference with Candidate for Elective Office, Bias-Motivated Interference with Candidate for Elective Office, Threats in Interstate Commerce, and Cyberstalking. The Defendant was arrested in the Middle District of Florida where the Government is now seeking pretrial detention.

2.      The Defendant argues there are a combination of pretrial conditions that can be imposed by the Court which will ensure his presence at all future court proceedings and also ensure the safety of the community and the alleged victim.

3.      The Defendant has no prior adult criminal history. He has significant ties to the Middle District of Florida and has lived in the same residence in Brandon, Florida for several years. He currently lives in the home with his mother and father.

4.      Paul McMahon, the Defendant's father, is willing to act as a third-party custodian and sign a personal signature bond in the amount of $50,000.00. If the Court deems this insufficient, the Defendant would agree to the imposition of house arrest and/or electronic monitoring. Paul McMahon also owns a home in Hillsborough County, Florida and would be willing to sign a property bond should that be necessary as well.

5.      Although the Defendant is not currently employed, he does provide substantial personal and medical care to his elderly mother who suffers from multiple debilitating ailments.

6.      The Defendant is not a serious flight risk merely because he has traveled abroad in the recent past. To the best of the undersigned's knowledge and belief the Defendant has no extended family abroad and does not have the financial means to support himself outside of the United States. The Defendant is willing to surrender his passport and refrain from all future travel as ordered by the Court.

7.      The Defendant has lawfully purchased firearms in the past and has maintained those firearms at his residence in Brandon. He is willing to immediately identify and surrender all firearms pending resolution of the criminal charges in the Western District of Virginia.

8.      The Defendant is also willing to undergo a pretrial mental health evaluation and will follow up with any recommended treatment.

9.      The Defendant will also agree to specific restrictions on internet use if mandated by the Court. He will also agree to the other standard conditions of pretrial release normally imposed by the Court.

10.     To the best of the undersigned's knowledge and belief the Defendant was recently served

with a witness subpoena in a grand jury proceeding in the Western District Of Virginia.  He

appeared in court and gave testimony as required. The Defendant argues this shows a willingness

to obey an order of the Court to appear as instructed.

## MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF PRETRIAL RELEASE

After a motion for detention has been made, the Court must undertake a two-step inquiry.

See *United States v. Shakur*, 817 F.2d 189, 194 (2d Cir. 1987). It must first determine by a

preponderance of the evidence, see *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987), that

the defendant either has been charged with one of the crimes enumerated in Section 3142(f)(1) or

that the defendant presents a risk of flight or obstruction of justice. Once this determination has

been made, the court turns to whether any condition or combinations of conditions of release will

protect the safety of the community and reasonably assure the defendant's appearance at trial.

*United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986).

This Court is required to order pretrial release on personal recognizance or upon the

execution of an unsecured appearance bond "unless the judicial officer determines that such

release will not reasonably assure the appearance of the person as required or will endanger the

safety of any other person or the community." 18 U.S.C. § 3142(b). In that case, the judicial

officer must consider a number of conditions that will accompany the release order to satisfy

itself that those predominant statutory goals are met. 18 U.S.C. § 3142(c). If, after a hearing

pursuant to section 3142(f), the judicial officer finds that "no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any

other person and the community, he shall order the detention of the person prior to trial." 18

U.S.C. § 3142(e).

The Government must establish risk of flight by a preponderance of the evidence. *United States v. Medina* 775 F2d 1398 (11th Cir. 1985). It is generally accepted that *more* than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight. *United States v Friedman*, 837 F.2d 48, 49 (2nd Cir. 1988). A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention. *United States v. Himler*, 797 F.2d 156, 162 (3rd Cir. 1986). Relevant factors that support a serious risk finding include the use of a number of aliases, unstable residential ties to a community, efforts to avoid arrest, or hidden assets. *Friedman*, 837 F.2d at 49.

In order to detain a defendant on the basis of dangerousness the Government must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. *United States v. Medina* 775 F2d 1398 (11th Cir. 1985). Clear and convincing evidence means proof that a particular defendant actually poses a danger, not that the defendant in theory poses a danger. *United States v. Patriarca*, 948 F.2d 789 (1st Cir. 1991) (ousted mob boss in ill-health with strong family ties not a danger or flight risk).

As of this filing undersigned counsel has not been provided with any discovery or specific exhibits which demonstrate the threatening communications as outlined in the indictment. Counsel would point out that the alleged written communications are over nine months old and argues any prior threat is now "stale" for a current consideration of dangerousness. As for the firearms found in his home, counsel is unaware of any nexus between the threats alleged in the indictment and the firearms found. As indicated the Defendant is willing to temporarily surrender

said firearms. Therefore, in this case it seems there is no quantifiable, objective evidence showing an actual, current risk of danger to the community or alleged victim. Similarly, the Defendant is unaware of any specific evidence indicating a risk of flight. The totality of the circumstances demonstrate that the Defendant's proposed pretrial release conditions reasonably ensure his appearance in court and also ensure both the safety of the community and alleged victim.

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2019 a copy of the foregoing motion was filed electronically. Notice of this filing will be sent by operation of the Court's CM/ECF system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

S/ Nicholas G. Matassini
Nicholas G. Matassini, Esquire
Florida Bar Number: 737704
ngm@matassinilaw.com
The Matassini Law Firm, P.A.
2811 W. Kennedy Blvd.
Tampa, Florida 33609
Telephone (813) 879-6227
Facsimile (813) 873-2209
Counsel for Defendant